

FILED

September 28, 2017

TN COURT OF
WORKERS'
COMPENSATION
CLAIMS

Time 8:15 A.M.

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**IN THE COURT OF WORKERS' COMPENSATION CLAIMS**
**AT JACKSON**

| | | |
|---|---|---|
| NICOLE D. BOWLIN, | ) | Docket No. 2017-07-0224 |
| Employee, | ) | |
| v. | ) | |
| SERVALL PEST CONTROL, | ) | State File No. 76010-2016 |
| Employer, | ) | |
| and | ) | |
| ACCIDENT FUND INS. CO., | ) | Judge Allen Phillips |
| Insurance Carrier. | ) | |

## EXPEDITED HEARING ORDER GRANTING MEDICAL AND TEMPORARY DISABILITY BENEFITS

This case came before the undersigned Workers' Compensation Judge on August 31, 2017, on Nicole Bowlin's Request for Expedited Hearing. Ms. Bowlin requested medical and temporary disability benefits for injuries from an automobile accident; Servall denied benefits because of Ms. Bowlin's alleged willful misconduct, namely illegal drug use. The case turns on the merits of Servall's defense in the context of its alleged participation in the Tennessee Drug Free Workplace Program (DFWP). For the following reasons, the Court rejects Servall's defense and holds Ms. Bowlin is entitled to the requested benefits.

### History of Claim

Ms. Bowlin worked for Servall as a pest control technician, which required travel to customers' homes. On September 29, 2016, she had an accident while driving a Servall truck. She requested workers' compensation benefits for injuries from that accident.

Ms. Bowlin explained she began September 29 by driving her two children to school. She reported to Servall at 7:15 a.m. and prepared for the day's work by mixing chemicals and loading them on the truck. While she was doing so, a co-worker, Jane Armstrong, asked Ms. Bowlin to drive her to a local auto dealership to retrieve Ms.

1

Armstrong's truck that had undergone repairs. The two left Servall in Ms. Bowlin's truck, with Ms. Bowlin driving. According to Ms. Armstrong, the two were together for "about eight minutes" when their supervisor, Tracy Hagye, called Ms. Armstrong and informed them to return because Ms. Hagye had arranged for Ms. Armstrong to use another vehicle.

Upon return Ms. Bowlin left to begin service calls. She stopped to wash the truck and then to get something to drink. She reentered the roadway and approached an intersection. She did not recall what happened next but may have "turned [her] head for a second." Regardless, her truck struck the rear of another vehicle stopped at the intersection.

At a local hospital, the police officer who investigated the accident obtained Ms. Bowlin's consent for a blood test that showed the presence of marijuana. The parties agreed to admission of these test results, but neither party elaborated on them. Additionally, the parties stipulated that the investigating officer found Ms. Bowlin at fault for the accident due to her "failure to keep in [her] proper lane." However, Ms. Bowlin recalled he cited her for lack of "due care," and added he did not cite her for driving under the influence. Further, the officer found no drugs in the vehicle and noted she "appeared normal."

Due to the severity of Ms. Bowlin's injuries, a physician at the local hospital recommended she be airlifted to Regional One Medical Center in Memphis. Providers there diagnosed her with multiple fractures of her cervical spine and recommended continued care with Dr. Francis Camillo, an orthopedic surgeon. Dr. Camillo noted Ms. Bowlin might require a cervical fusion.

Servall denied Ms. Bowlin's claim after a post-accident drug test revealed the presence of marijuana. Ms. Bowlin admitted smoking marijuana "a couple of days" before the accident, but she denied either smoking it or being under the influence of it at the time of the accident.

Ms. Armstrong testified she "couldn't tell" Ms. Bowlin was under the influence when riding with her. She admitted not knowing when Ms. Bowlin arrived at Servall that day or what she did before she asked for a ride.

Karen Cobb, Servall's office manager, testified Ms. Bowlin not only falsified a previous post-accident drug screen by submitting a false sample but also tested positive on a repeat screen. Nevertheless, Servall continued Ms. Bowlin's employment under the company's "second chance" policy. Ms. Cobb did not know whether Ms. Bowlin used drugs on the job or worked under the influence of drugs before the date of the accident. Also, she did not observe Ms. Bowlin on the morning of September 29.

2

In an effort to prove DFWP certification, Ms. Cobb identified Servall's DFWP applications filed every year since 2004 with the exception of the year of the date of this accident. Servall offered an application dated October 24, 2016, and a form dated August 20, 2015, with handwriting stating: "They never received app @ state."

Servall argued it was part of the DFWP, and therefore the presence of marijuana in Ms. Bowlin's blood was the presumed proximate cause of the accident. However, Servall admitted the Bureau did not have its DFWP application for the period that included the date of injury. Nevertheless, it argued that its many years of participation in the DFWP indicated it complied with the "spirit" of the program and should receive the benefit of the presumption. In the alternative, Servall argued Ms. Bowlin's drug usage was the proximate cause of the accident.

Ms. Bowlin countered the DFWP presumption did not apply in the absence of an application encompassing the date of injury. Thus, she argued Servall must prove drug usage caused the accident and it failed to do so. Alternatively, Ms. Bowlin argued Servall's defense must fail because it knew Ms. Bowlin used marijuana in the past and "acquiesced" to her usage by continuing her employment.

Ms. Bowlin requested payment of all medical bills incurred for treatment of her injury to date and temporary disability benefits from the date of injury through April 23, 2017, when she returned to work at another employer. Her attorney requested a fee under Tennessee Code Annotated section 50-6-226(d)(1)(b) asserting Servall wrongfully denied Ms. Bowlin's claim.

### Findings of Fact and Conclusions of Law

*Standard applied*

Ms. Bowlin must come forward with sufficient evidence from which the Court may determine she is likely to prevail at a hearing on the merits regarding her entitlement to the requested benefits. Servall must do the same regarding its affirmative defense. Tenn. Code Ann. § 50-6-239(d)(1) (2016).

*Analysis*

Servall contended her injury was not compensable because it resulted from illegal drug use. Tennessee Code Annotated section 50-6-110(a)(3) provides that "no compensation shall be allowed for an injury . . . due to the employee's . . . illegal drug use." When an employer asserts this defense, it bears the burden of establishing that the employee's drug use was the proximate cause of the accident. Tenn. Code Ann. § 50-6-

3

110(b). However, if the employer has implemented a drug free workplace program, then the proximate cause of the injury is presumed to be the drug use, and the employee must rebut that presumption by clear and convincing evidence. Tenn. Code Ann. § 50-6-110(c).

Servall contended it is entitled to the DFWP presumption. The Court disagrees. Instead, the Court finds Servall was not a member of the DFWP on the date of the accident and is not entitled to the presumption.

The Court considered the absence of a "Memorandum" from the Bureau confirming receipt and acceptance of Servall's DFWP application for the period in question. The evidence included an application from every year beginning in 2004 and ending with an application dated October 24, 2016. Conspicuously absent is a memorandum for the period encompassing September 29, 2016, the date of the accident. The absence of that memorandum is fatal to Servall's reliance upon the DFWP presumption. *See* Tenn. Comp. R. & Regs. 0800-02-12-.15(1)(an employer shall file with the Bureau a form promulgated for seeking benefits of the DFWP and upon receipt of the form, the employer shall be rebuttably presumed entitled to the benefits of the DFWP). Thus, the Court holds Servall retained the burden of proving Ms. Bowlin's marijuana use was the proximate cause of the accident.

The Court finds Servall did not satisfy its burden to prove Ms. Bowlin's marijuana usage was the proximate cause of the accident. Specifically, Ms. Bowlin admitted smoking marijuana two days earlier but denied being under the influence on the morning of the accident. Further, no one who observed Ms. Bowlin on the date of the accident perceived she was under the influence of drugs. Ms. Armstrong, who rode in a vehicle with her before the accident, replied, "I couldn't tell" when asked if Ms. Bowlin appeared impaired. The investigating police officer noted Ms. Bowlin "appeared normal" and did not cite her for driving under the influence. Moreover, Servall introduced no expert proof of the possible effect the marijuana would have had on Ms. Bowlin's actions. *See* *Campbell v. PML, Inc.*, No. W2008-01539-WC-R3-WC, 2009 Tenn. LEXIS 68, at *11 (Tenn. Workers' Comp. Panel Jan. 12, 2009)(employer offered no medical evidence as to the effect of marijuana on the employee at time of injury).

The Court holds Servall did not establish that it would prevail at a hearing on the merits that Ms. Bowlin's drug usage was the proximate cause of the accident and its affirmative defense pursuant to Tennessee Code Annotated section 50-6-110(a)(3) must fail.

*Medical Benefits*

4

At this interlocutory stage, the Court holds Ms. Bowlin would likely prevail at a hearing on the merits in proving she suffered a compensable injury. The medical records contain a diagnosis of cervical fractures, the specific treatments rendered for those fractures, and recommendations for possible further treatment. Thus, Servall shall pay Ms. Bowlin's outstanding medical bills.

Further, Ms. Bowlin is entitled to ongoing medical benefits. Servall argued the Court, if it ordered medical benefits, should order that it provide a panel of physicians. However, Servall denied the claim, and Ms. Bowlin was forced to seek treatment on her own. Servall never complied with the requirement that an "employer shall designate a group of three (3) or more independent reputable physicians . . . from which the employee shall select one (1) to be the treating physician." Tenn. Code Ann. § 50-6-204(a)(3)(A)(i). It would be unfair to require Ms. Bowlin to change providers at this stage, and the Court finds it appropriate to designate Dr. Camillo as the authorized treating physician.

## Temporary Total Benefits

To establish entitlement to temporary benefits, Ms. Bowlin must show she (1) became disabled from working due to a compensable injury, (2) a causal connection between the injury and her inability to work, and (3) the duration of the period of disability. *Jones v. Crencor Leasing and Sales*, TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015).

Here, Dr. Camillo's notes indicated Ms. Bowlin continued to treat with him from October 3, 2016, through March 6, 2017. In all of those notes, the Court found no reference to work restrictions or off-work slips. The Court believes Ms. Bowlin's testimony that she missed work but cannot infer a causal connection to her accident and an inability to work without medical proof. Thus, the Court denies her request for temporary disability at this time.

## Attorney's fees

Ms. Bowlin's counsel requests attorney's fees pursuant to Tennessee Code Annotated section 50-6-226(d)(1)(B), which allows them when an attorney pursues a "wrongfully" denied claim. The Court denies the request. In *Andrews v. Yates Servs.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 35, at *7-8 (May 23, 2017), the Appeals Board held:

We find no authority . . . requiring that determinations regarding attorney's fees and expenses [under section 50-6-226(d)(1)(B)] be made at an interlocutory stage of the case. Given the twists and turns inherent in

5

litigation, it seems the better practice is to resolve such issues after the litigation has run its course and the parties and the court no longer face uncertainties over future developments, as opposed to adjudicating disputes concerning attorney's fees and expenses in piecemeal fashion as the case winds its way through the litigation process.

The Court finds no reason to deviate from this standard at this interlocutory stage but reserves consideration of any further application until after final resolution of the case.

**IT IS, THEREFORE, ORDERED** as follows:

1. Servall shall provide Ms. Bowlin medical treatment under Tennessee Code Annotated section 50-6-204(a)(3) with Dr. Camillo. Ms. Bowlin or Dr. Camillo shall provide the medical bills to Servall.

2. Servall shall pay Ms. Bowlin's bills for medical treatment in the following amounts:
   - Tennova Healthcare Volunteer--$4,620.82
   - Campbell Clinic--$379.78
   - Regional One Health--$36,201.61
   - Air Evac Lifeteam--$48,175.16.

   Ms. Bowlin's counsel is entitled to a twenty percent attorney fee on the award of medical benefits under Tennessee Code Annotated section 50-6-226(a)(1).

3. Ms. Bowlin's request for temporary total disability is denied at this time.

4. Ms. Bowlin's counsel's request for an attorney fee under Tennessee Code Annotated section 50-6-226(d)(1)(B) is denied at this time.

5. This matter is set for a Scheduling (Status) Hearing on **\*\*\*\* 2017, at \*\*\* a.m. Central time. You must call 731-422-5263 or toll-free 855-543-5038 to participate in the Hearing.**

6. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please

6

contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

**ENTERED** this the 28th day of September, 2017.

_____
**Allen Phillips, Judge**
**Court of Workers' Compensation Claims**

# APPENDIX

Exhibits:

1. Tennessee Electronic Traffic Crash Report
2. Wage Statement
3. Employee Handbook
4. Toxicology Report
5. Servall Records regarding prior 2015 accident
6. Memorandums acknowledging DFWP applications
7. Medical Bills
8. Medical Records of Dr. Camillo

Technical record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Motion to Amend Request for Expedited Hearing to Include Witness
5. Response to Motion to Amend Request for Expedited Hearing
6. Employee's Pre-Hearing Brief
7. Employer's Witness List
8. Employer's Exhibit List
9. Employer's Pre-Hearing Brief
10. Order Allowing Amendment of Request for Expedited Hearing

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 28th day of September, 2017.

| Name | Via Email | Service Sent To: |
|---|---|---|
| Monica R. Rejaei, Esq., Attorney for Employee | X | mrejaei@nstlaw.com |
| Gordon C. Aulgur, Esq., Attorney for Employer | X | Gordon.Aulgur@accidentfund.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov